UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

MARK WEST

    Plaintiff,

v.

CITY OF PARIS, et al.,

    Defendants.

Action No. 5:13-CV-193-JMH

**MEMORANDUM OPINION & ORDER**

\*\* \*\* \*\* \*\* \*\*

Currently before the Court is the motion of the Defendants, Shane Breslin and Steven Morris, in their individual capacities, for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE #12]. This motion is fully briefed and is ripe for review. For the reasons set forth below, their motion will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This civil rights action arises out of the arrest of the plaintiff, Mark West, on June 23, 2012. Specifically, West alleges that while he was in the process of breaking up a physical fight between two of his friends in the front yard of his property, he was struck from behind by one or more members of the City of Paris Police Department. He alleges that they struck him with their nightclubs, fists,

flashlights and shoes. He also alleges that one of the officers used a taser on him. West was ultimately handcuffed and arrested, after which he claims he was choked and the taser was again used on him. As a result of the officers' actions, West claims he suffered injuries to his leg, head, and face. Following his arrest, West was indicted by a grand jury on charges of disorderly conduct, resisting arrest, and alcohol intoxication. He subsequently pleaded guilty to disorderly conduct in the second degree.

West filed this civil rights action on June 20, 2013, against the City of Paris, the Paris Police Department, four named police officers with the Paris Police Department, and "[u]nkown defendants" including "at least two other Officers who work or worked for the Paris Police Department. . . ." [DE #1, p. 3]. His complaint asserts a claim for excessive force in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and a state law claim for assault and battery. On January 15, 2014, West sought leave to amend his complaint on the grounds that he had discovered the identity of the unknown defendants referenced in his original Complaint [DE #6]. His tendered Amended Complaint named Shane Breslin, individually and in his official capacity as an employee

for the City of Paris, and Officer Steven Morris, individually and in his official capacity as an employee for the City of Paris [DE #6-1]. The Court sustained West's motion for leave to amend, and West's Amended Complaint was filed on February 19, 2014 [DE #7].

## II. THE MOTION OF BRESLIN AND MORRIS FOR JUDGMENT ON THE PLEADINGS [DE #12]

On March 21, 2014, Defendants Breslin and Morris filed their motion for judgment on the pleadings pursuant to Rule 12(c). In support of their motion, they argue that the statute of limitations has run on West's claims against them. There is no dispute that the statute of limitations for both a federal § 1983 action and a claim for assault and battery under Kentucky law is one year. KRS 413.140(a); *see also Wilson v. Garcia*, 471 U.S. 261, 267-68 (1985). Because the events underlying West's claims occurred on June 23, 2012, the statute of limitations for any claims based on § 1983 and state law assault and battery expired on June 23, 2013. West, however, did not assert any claims against Officers Breslin and Morris until January 15, 2014, when he sought leave to file his first Amended Complaint. Those claims are well outside of the applicable statute of limitations and are time-barred

unless they relate back to the original, timely-filed Complaint.

Rule 15(c) of the Federal Rules of Civil Procedure governs relation back of amendments. It provides, in relevant part:

(c) Relation Back of Amendments.

    (1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
. . .
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempt to be set out - in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c). Because the amended complaint arises out of the same occurrence as the original complaint - namely, the events of June 23, 2012 - the first element is satisfied. Here, the second and third elements are disputed. Defendants Breslin and Morris argue that West's amended complaint fails the third element of Rule

4

15(c)(1)(C) and thus does not relate back because West's asserted lack of knowledge about their identities does not satisfy the mistake prerequisite of Rule 15(c)(1)(C)(ii). The Court agrees.

The Sixth Circuit has clearly held that "[s]ubstituting a named defendant for a "John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In *Cox*, the court held that because "such amendments do not satisfy the 'mistaken identity' requirement" of Rule 15(c)(1)(C), the amended complaint naming specific police officers did not relate back to the original complaint which listed "unnamed police officers" of the City of Louisville and Kentucky State Police. *Id*. Later, in *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609 (6th Cir. Nov. 14, 1996) (unpublished table decision), the Sixth Circuit confirmed that an amendment after the statute of limitation had run seeking to replace "Several Unknown City of Memphis Police Officers" in the original complaint with named officers would not relate back under Rule 15(c). The Sixth Circuit then reaffirmed this rule in *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008), holding that "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not

5

constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)."

In this case, West failed to name Defendants Breslin and Morris in the original Complaint because he did not know their names at the time. Under clear Sixth Circuit caselaw, his lack of knowledge does not satisfy the "mistake" requirement of Rule 15(c)(1)(C)(ii). Because Rule 15(c)(1)(C)'s third element - the mistake requirement - is dispositive of the issue, the Court need not decide whether the second element - the notice requirement - is satisfied. Accordingly, the motion of Defendants Breslin and Morris for judgment on the pleadings will be granted.

## III. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** that the motion of Defendants Breslin and Morris, in their individual capacities, for judgment on the pleadings [DE #12] is **GRANTED**, and they are **DISMISSED** as parties to this action.

This the 19th day of June, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge