```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

MARK WEST,                       )
                                 )
    Plaintiff,                   )
                                 )   Civil Case No. 13-cv-193-JMH
v.                               )
                                 )
CITY OF PARIS, KY, et al.,       )
                                 )   MEMORANDUM OPINION AND ORDER
    Defendants.                  )
                                 )
```

                                    ***

This matter is before the Court upon the Motions in Limine of Defendant City of Paris, Kentucky [DE 43] and Plaintiff Mark West [DE 44]. Responses have been filed [DE 53, 59]. The Court is adequately advised, and these Motions are ripe for consideration.

**I.**

In its Motion, the City of Paris first asks the Court to exclude any evidence of prior disciplinary actions or complaints against Officer Michael Dempsey. Plaintiff stipulates that this evidence regarding Dempsey is not relevant to his claims against the remaining defendant. Accordingly, Defendant's Motion will be granted in this regard.

**II.**

Next, the City of Paris requests that the Court exclude evidence of the fact that Plaintiff was not indicted on charges

of assault in the third degree, resisting arrest, alcohol intoxication, or terroristic threatening.  Defendant argues that this evidence is irrelevant because the issue at trial is not the legality of the arrest in hindsight but whether the jury believes that the type and degree of force used against Plaintiff was reasonably necessary to effect what an officer believed to be a lawful arrest.  The Court agrees.  In order to evaluate the privileged use of force under KRS § 503.090, the finder of fact must make a determination concerning the officer's beliefs at the time he "is making or assisting in making an arrest."  The grand jury's subsequent decision with regard to the propriety of certain charges is evidence only of the grand jury's view of the arrest in hindsight, not evidence of the officer's belief at the moment of the use of force and the arrest.  Thus, it has no tendency to make a fact more or less probable than it would be without the evidence and is of no consequence in determining the action.  The evidence is irrelevant and is inadmissible, and it shall be excluded.  *See* Fed. R. Evid. 401, 402.

**III.**

In his motion, Plaintiff first objects to the introduction of evidence related to his blood alcohol content on June 23 and 24, 2012, and argues that evidence related to the blood chemistry lab produced in discovery should be excluded pursuant

2

to Fed. R. Civ. P. 37(c)(1) because Defendant has failed to comply with its obligation under Rule 26(a)(2)(B) to identify an opinion witness or produce an opinion report from such a witness to support its introduction. Defendant City of Paris indicates, however, that it intends to call Dr. Patricia Swiney to testify at trial with respect to those test results. Dr. Swiney was not specially retained for the purpose of providing expert opinion testimony at the trial of this matter; rather, she was the physician who treated Plaintiff in the emergency room of the Bourbon Community Hospital following his June 23, 2012 arrest. Defendant explains that it was Dr. Swiney who ordered a test to measure the level of alcohol in Plaintiff's blood to ensure that any medications she might administer were not contraindicated by the level of Plaintiff's intoxication and for other purposes related to his treatment, and, thus, she may testify as to the results of that report. A treating physician is not subject to the reporting requirements of FRCP 26(a)(2)(B) when she testifies about the nature and type of treatment she administered or gives opinions she formed in the course and scope of a patient's treatment. *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 869-70 (6th Cir. 2007). Thus, Defendant was not required to produce a report from Dr. Swiney under Fed. R. Civ. P. 26(a)(2)(B).

Rather, where the scope of opinion testimony is so limited, a party must identify the physician and provide a summary of the facts and opinions to which the physician witness is expected to testify pursuant to Fed. R. Civ. P. 26(a)(2)(C). That disclosure must be made, absent a stipulation or a court order, at least 90 days before the trial date. Here, there is no suggestion that Dr. Swiney will testify to an opinion concerning Plaintiff's blood alcohol content level, only the results of the test. Since Defendant does not seek to elicit opinion testimony, no disclosure or summary was required under Fed. R. Civ. P. 26(a)(2)(C), and no sanction is necessary.[1] This evidence will not be excluded.

## IV.

Finally, Plaintiff argues that his past criminal record should not be admitted into evidence at trial as it is irrelevant to issues related to the amount of force used at the time of his arrest in the matter at bar. Plaintiff argues that

---

[1] Alternatively, this test result and the information to be gleaned from it should come as no surprise to Plaintiff since he was the subject of the test and produced her records in discovery. He lists those treatment records on his Exhibit List for trial. Further, it comes as no surprise that he will seek to admit those treatment records since he is seeking relief for the injuries for which he was treated. Nor is it surprising that Defendant has identified Dr. Swiney in its Witness List, filed on January 16, 2015, for her testimony "regarding the results of the blood alcohol test she ordered as part of her treatment and as reflected in the hospital records," since his level of intoxication would be relevant to the jury's evaluation of what officers encountered at the scene of the incident. Even if the Court were to conclude that a summary of the facts and opinions of Dr. Swiney was required to be made under Fed. R. Civ. P. 26(a)(2)(C) because her testimony might be considered a combination of fact and opinion, the Court could (and would) enter an order deeming the January 16, 2015, disclosure in Defendant's Witness List timely made in this instance.

4

any prior criminal record that he may have is immaterial, irrelevant, and inadmissible for any purpose in this matter. Defendant concedes the issue and agrees that it will not seek to introduce evidence of Plaintiff's criminal record prior to June 23, 2012, unless Plaintiff opens the door for the admission of such evidence. Accordingly, Plaintiff's motion is granted and evidence of his past criminal record will be excluded, save for its introduction as appropriate if he opens the door for the admission of such evidence.

Accordingly, for all of the reasons stated above, **IT IS ORDERED:**

(1) That the Motion in Limine of Defendant City of Paris [DE 43] is **GRANTED** and

(2) That Plaintiff Mark West's Motion in Limine [DE 44] is **GRANTED IN PART** and **DENIED IN PART**.

This the 10th day of February, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5