```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

MARK WEST,                         )
                                   )
     Plaintiff,                    )
                                   )   Civil Case No. 13-cv-193-JMH
v.                                 )
                                   )
CITY OF PARIS, KY, et al.,         )
                                   )   **MEMORANDUM OPINION AND ORDER**
     Defendants.                   )               **ORDER**
                                   )

                              ***

This matter is before the Court upon the Supplemental Motion for Summary Judgment [DE 62], made pursuant to Fed. Rule Civ. P. 56(c) by Defendants City of Paris, Kentucky; Officer Shane Breslin, in his official capacity as an employee of the City of Paris; and Officer Steven Morris, in his official capacity as an employee for the City of Paris. Plaintiff has filed a Response [DE 63]. The Court is adequately advised, and this Motion is ripe for consideration.

                              **I.**

Summary judgment is proper where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**II.**

The Court has already set out the relevant factual background, in large part, in its Memorandum Opinion and Order of January 22, 2015 [DE 54]. Additionally, Plaintiff points to evidence specifically related to the claims against Officer Morris. Witness Kimberly Sosby-Jones observed an officer striking West in the face with a baton after West was stunned with a Taser and was handcuffed on the ground. Morris testified that he used a baton during West's arrest to strike Defendant on the back of his legs after West had struggled with officer Dempsey on the ground and stood up. Plaintiff offers no evidence that other officers on the scene used a baton. Finally, Plaintiff points to no evidence to support the conclusion that Breslin used force against Plaintiff, nor does Plaintiff point to evidence from which a jury could conclude that any excessive force exercised by the officers was proximately caused by a municipal policy, custom, or practice of the City of Paris.

### III.

Plaintiff's claim for excessive force pursuant to 42 U.S.C. § 1983 and his claim for assault and battery under Kentucky law against Officers Breslin and Morris, in their official capacities, are equivalent to claims asserted directly against the City of Paris. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Greene v. Commonwealth*, 349 S.W.3d 892, 903 (Ky. 2011) (citing *Commonwealth v. Harris*, 59 S.W.3d 896 (Ky. 2001)). The Court will, therefore, dismiss the official capacity claims against Defendants Breslin and Morris since the City of Paris is already a party. *See Thorpe ex rel. D.T. v. Breathitt Cnty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013) (citing *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 509 (6th Cir. 1996); *Baar v. Jefferson County Bd. of Educ.*, 686 F.Supp.2d 699, 704 (W.D.Ky. 2010)).

### IV.

Plaintiff can prevail on his 42 U.S.C. § 1983 claim against the City of Paris if he can show that Officers Morris and Breslin violated his rights under the Fourth Amendment and that the violation of rights occurred pursuant to a municipal policy, custom, or practice of the City of Paris. *Bozung v. Rawson*, 439 F. App'x 513, 521 (6th Cir. 2011) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010)).

3

In the absence of evidence from which a jury could conclude that any excessive force exercised by the officers was proximately caused by a municipal policy, custom, or practice of the City of Paris, his claim fails. *See Broyles v. Corr. Med. Servs.*, No. 08-1638, 2009 WL 3154241, *2 (6th Cir. 2009) (holding that "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief") (citing *League of United Latin Am. Citizens*, 500 F.3d 523, 527 (6th Cir. 2007)); *Petty v. Cnty of Franklin*, 478 F.3d 341, 350 (6th Cir. 2007) (holding that plaintiff failed to establish violation of constitutional rights attributable to county where he "was unable to come forward with evidence—beyond the bare allegations in his complaint—showing that [a county] custom or policy was the moving force behind the violation"); *Scherzinger v. Bolton*, Civil Action No. 3:111-cv-11-H, 2013 WL 3821734, *6 (W.D.Ky. July 23, 2013) (holding that general allegation that a policy existed without proof of anything more than a single incident of unconstitutional activity is insufficient to withstand summary judgment); *Ash v. Boone Cnty.*, Civil Action No. 09-190-DLB, 2011 WL 4431820 (E.D.Ky. Sept. 22, 2011) (holding that municipal liability claim under 42 U.S.C. § 1983 fails where one not only fails to identify an official custom or policy of Boone County but also fails to present facts that any such policy existed or to set forth any

4

facts demonstrating how injury was causally linked to such custom or policy). Accordingly, Plaintiff's claim against the City of Paris under 42 U.S.C. § 1983 shall be dismissed.

**V.**

Plaintiff also sues the City of Paris under Kentucky law for assault and battery. The claims against Defendants Breslin and Morris in their individual capacities have already been dismissed as untimely due to the application of the statute of limitations. That does not mean, however, that Plaintiff should not have an opportunity to demonstrate that Breslin and Morris participated in actions which caused him harm and which constituted assault and battery for which the City of Paris, which was timely sued for the actions of its officers during the event in question, is liable.

Plaintiff has presented evidence from which a jury could reasonably conclude that Morris injured Defendant by means of battery with a baton which was not excused by any privilege and for which the City of Paris could be found vicariously liable for the actions of its employee during West's arrest.[1]  *See Williams v. Kentucky Dep't of Educ.*, 113 S.W.3d 145, 151 (Ky. 2003) ("[u]nder common law principles of agency, a principal is vicariously liable for damages caused by torts of commission or

---

[1] Plaintiff offers no reference to evidence that Officer Breslin was involved in any assault or battery in his Response.

5

omission of an agent or subagent, other than an independent contractor, acting on behalf of and pursuant to the authority of the principal.") (citing *Wolford v. Scott Nickles Bus. Co.*, 257 S.W. 2d 594, 595 (Ky. 1953); *Capurso v. Johnson*, 248 S.W.2d 908, 910 (Ky. 1952)); *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001) (citing *Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky. Ct. App. 1999)) ("Assault is a tort which merely requires the threat of unwanted touching of the victim, while battery requires an actual unwanted touching."); *Lawson v. Burnett*, 471 S.W.2d 726, 728-29 (Ky. 1971) (officer responsible for damages only where he uses excessive force); KRS § 503.090. Thus, Defendants' Supplemental Motion for Summary Judgment with respect to the state law claims fails with respect to the City of Paris.

**VI.**

Finally, although all claims arising under federal law have been dismissed, the Court elects to exercise supplemental jurisdiction over the remaining state law claim considering the time invested in this matter before this Court and the impending trial date. *See* 28 U.S.C. § 1367(a); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity."). This matter remains set for jury trial

6

with respect to Plaintiff West's state law claims as to the City of Paris on February 22, 2015.

Accordingly, **IT IS ORDERED** that the Supplemental Motion for Summary Judgment [DE 62] is **GRANTED IN PART** and **DENIED IN PART**.

This the 10th day of February, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7